IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| VICTORIA KORDA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KENNITH SHIMZO, *Judge, et al.*,<br><br>　　　　Defendants. | Case No. 23-cv-00327-DKW-WRP<br><br>**ORDER (1) GRANTING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS, AND (2) DISMISSING COMPLAINT WITH LEAVE TO AMEND**[1] |

Plaintiff Victoria Korda, proceeding without counsel, moves for leave to proceed without prepayment of fees or costs in this case brought against Defendants Kennith Shimzo, Margaret Ching, Sargent Anderson, and T. Kauaiuu ("IFP Application"). Dkt. No. 5.[2]

I. **IFP Application**

Federal courts can authorize the commencement of any suit without prepayment of fees or security by a person who submits an affidavit that demonstrates an inability to pay. *See* 28 U.S.C. § 1915(a)(1). While Section 1915(a) does not require a litigant to demonstrate absolute destitution,

---

[1] Pursuant to Local Rule 7.1(c), the Court finds these matters suitable for disposition without a hearing.
[2] In fact, Korda filed not one, but two, applications for leave to proceed within one day of each other. Dkt. Nos. 4-5. Because the latter application (Dkt. No. 5) is the more complete of the two, the Court bases the decision herein on the same.

*Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948), the applicant must nonetheless show that she is "unable to pay such fees or give security therefor," 28 U.S.C. § 1915(a).

In the IFP Application, Korda states that her only income is $1,000 per month in disability payments.  Dkt. No. 5 at 2.[3]  She further states that she has a total of $2,000 in two bank accounts and owns a 2005 Mustang valued at $4,000. *Id*. at 2-3.  She also states that she has $3,750 in monthly expenses, including food, clothing, and medical expenses.  *Id*. at 4.  In light of these figures, Korda's income falls below the poverty threshold identified by the Department of Health and Human Services' ("HHS") 2023 Poverty Guidelines.  *See* HHS Poverty Guidelines, available at: https://aspe.hhs.gov/poverty-guidelines.  In addition, Korda has insufficient assets to provide security while still affording the necessities of life.  *See Escobedo v. Applebees*, 787 F.3d 1226, 1234-36 (9th Cir. 2015).  As a result, the Court GRANTS the IFP Application, Dkt. No. 5.

\\

\\

---

[3]The Court notes that, in another recent case Korda filed in this District, she stated that she received $1000 in disability payments *and* $300 in public assistance.  *See* Case No. 23-cv-00326-DKW-KJM *Korda v. Oahu Police Correctional, et al.*, Dkt. No. 14 at 2.  Because this discrepancy does not alter the finding with respect to the IFP Application here, the Court merely notes the same for the record.

**II.    Screening**

The Court subjects each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and can order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

In addition, the Court liberally construes a pro se complaint.  *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987).  However, the Court cannot act as counsel for a pro se litigant, such as by supplying the essential elements of a claim. *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Here, in the "Statement of Claim" section of the form Complaint, Korda alleges that, on January 18, 2023, in the "District Court House", Defendant Kennith Shimzo "was told order of release."  Dkt. No. 1 at 4-5.  In the "Irreparable Injury" section of the Complaint, Korda states the following: "Ass[a]ult emotional impairment improper treatment improper judgment. [I]mproper charges [illegible] kiddnapping [*sic*] false imprisonment. [R]oot canal[.]"  *Id*. at 5.  Finally, in the "Relief" section of the Complaint, Korda alleges the following: "Trafficked for services car broken into improper treatment neglect

3

improper charges improper judgment kiddnapping [*sic*] improper treatment homeless due to [illegible] ass[a]ult abuse[.]" *Id*.

In this light, the Complaint must be dismissed because, however liberally construed, Korda has not come close to stating even a coherent claim for relief, let alone a plausible one, as required. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.") (quotation omitted). Instead, Korda simply uses conclusory terms, such as "improper charges", "improper judgment", and "improper treatment" in her allegations. This she may not do. *See id*. (explaining that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, the only factual allegation with any noticeable context in the Complaint−that Shimzo was told something on a specific date at a specific place−fails to state any claim for relief.

Put simply, the Complaint is unclear or implausible on all relevant matters: the claims, legal authority, relief, and pertinent facts. Therefore, the Complaint is DISMISSED. Nonetheless, if Korda so chooses, she may file an amended complaint. *See Lucas v. Dep't of Corr*., 66 F.3d 245, 248 (9th Cir. 1995)

(explaining that "a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action.").

More specifically, should Korda choose to file an amended complaint, she must write short, plain statements telling the Court: (1) the specific basis of this Court's jurisdiction; (2) the constitutional, statutory, or legal right(s) she believes were violated; (3) the name of the defendant(s) who violated those right(s); (4) exactly what each defendant did or failed to do; (5) when each defendant acted or failed to act; (6) how the action or inaction of that defendant is connected to the violation of Plaintiff's right(s); and (7) what specific injury she suffered because of a defendant's conduct.  If Korda fails to affirmatively link the conduct of a defendant with a specific injury she suffered, the relevant allegations will be dismissed for failure to state a claim.

Finally, so it is clear, simply stating words like "abuse" or "kidnapping" without any association to the action or inaction of a named defendant or to an injury Korda has allegedly suffered will not suffice.  Any amended complaint that contains such unadorned allegations will be dismissed without further leave to amend.

### III.  Conclusion

Korda may have until **September 8, 2023** to file an amended complaint.

**The Court cautions Plaintiff that failure to file an amended complaint, consistent with the guidance in this order, by September 8, 2023 will result in the automatic dismissal of this action without prejudice.**

The Clerk of Court is DIRECTED to serve Plaintiff a copy of form "Pro Se 1" "Complaint for a Civil Case."

IT IS SO ORDERED.

Dated: August 22, 2023 at Honolulu, Hawaiʻi.



Derrick K. Watson
Chief United States District Judge

---

*Victoria Korda v. Kennith Shimzo*; Civil No. 23-00327 DKW-WRP; **ORDER (1) GRANTING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS, AND (2) DISMISSING COMPLAINT WITH LEAVE TO AMEND**