IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| VICTORIA KORDA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KENNITH SHIMZO, *Judge*, *et al.*,<br><br>　　　　Defendants. | Case No. 23-cv-00327-DKW-WRP<br><br>**ORDER DISMISSING AMENDED COMPLAINT WITHOUT FURTHER LEAVE TO AMEND**[1] |

　　On August 22, 2023, the Court granted Plaintiff Victoria Korda leave to proceed without prepayment of fees or costs, but dismissed with leave to amend her Complaint against Defendants Kennith Shimzo, Margaret Ching, Sargent Anderson, and T. Kauaiuu because she did not come close to stating a coherent claim for relief.   Dkt. No. 6.

　　On September 1, 2023, the Court received a timely amended complaint (FAC) from Korda.   Dkt. No. 8.   On this occasion, as in the original complaint, Korda named as Defendants Ching, Anderson, and Kaaioue,[2] while, for the first

---

[1] Pursuant to Local Rule 7.1(c), the Court finds this matter suitable for disposition without a hearing.
[2] With respect to Kaaioue, though, Korda changed the spelling of his name from Kauaiuu to Kaaioue.   Going forward, the Court uses the latter spelling.

time, adding U.S. Magistrate Judge Rom Trader, as a Defendant, and declining to name Shimzo as one.  *Id*. at 2-3.

The Court subjects each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and can order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

In doing so, the Court liberally construes a pro se complaint.  *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987).  However, the Court cannot act as counsel for a pro se litigant, such as by supplying the essential elements of a claim. *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

In relevant part, Federal Rule of Civil Procedure Rule 8(a) provides that "[a] pleading that states a claim for relief must contain…a short and plain statement of the claim showing that the pleader is entitled to relief…."  Fed.R.Civ.P. 8(a)(2). Further, under Federal Rule of Civil Procedure 12(b)(6), "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Instead, "a complaint must

contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. (quotation omitted).

Here, even liberally construed, the FAC, as was the case with the original complaint before it, does not come close to alleging a plausible claim against any of the Defendants. First, although Judge Trader has been added as a defendant, the FAC contains not a single factual allegation relating to him. Second, with respect to Ching, the FAC merely conclusorily asserts that Ching "assaulted" Korda, without any factual allegations contextualizing the alleged assault, such as *how or when* Korda was allegedly assaulted. *See* Dkt. No. 8 at 6. Third, with respect to Kaaioue, similarly, the FAC merely conclusorily asserts Kaaioue "neglected" Korda, again without any context. *See id*. Finally, with respect to Anderson, the FAC appears to allege that Anderson refused to provide Korda with medical attention. *See id*. As an initial matter, Korda provides no explanation for why Anderson needed to provide her with medical attention. Moreover, even if the Court was able to construe the FAC as suggesting that Korda and Anderson's worlds collided while Korda was potentially incarcerated at the Oahu Community Correctional Center, something that is arguably inferable from snippets of information provided in the FAC, there are still no factual allegations regarding

3

what medical attention Korda needed, why or when she needed it, and how Anderson should have known that Korda required attention.[3]

In summary, although the August 22, 2023 Order specifically warned Korda that she could not rely upon conclusory assertions and, instead, must allege facts showing how each defendant violated her rights, she has failed to do so in the FAC.  Therefore, it is DISMISSED.  Moreover, because Korda was provided with an opportunity to amend her complaint to state plausible claims for relief, was given guidance on how to do so, and nonetheless failed to do so, dismissal is WITHOUT LEAVE TO AMEND.  *See* Dkt. No. 6 at 5-6 (cautioning Korda that failure to file an amended complaint consistent with the guidance in the August 22, 2023 Order would result in the automatic dismissal of this action).

Accordingly, for the reasons set forth herein, this case is DISMISSED, and the Clerk is instructed to CLOSE the case.

IT IS SO ORDERED.

Dated: September 12, 2023 at Honolulu, Hawai'i.

Derrick K. Watson
Chief United States District Judge

---

[3] Korda also alleges that she was held "hostage" in February 2023.  Dkt. No. 8 at 6.  Although this allegation is not clearly made against any of the named Defendants, even if it was, it fails from the same deficiencies as the FAC's other allegations−namely, it is merely a conclusory assertion, with a complete lack of context of how, when, or why she was held hostage.